IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-250 |
| v. | |
| ANTHONY EDWARDS | |

**PAPPERT, J.**                                                                                                                                                         April 6, 2022

## MEMORANDUM

Anthony Edwards moves for early termination of his five-year probation term. (ECF 7.) The Government opposes his motion (ECF 10) and the Court denies it.

### I

In March 2018, Edwards gave $550 in counterfeit currency to an individual in exchange for tickets to a Miami-Dade County music festival and then fled when law enforcement sought to detain him. (Gov't Resp., ECF 10 at 1-2.) When he was arrested, police discovered he had additional counterfeit bills along with an office supply store receipt for a printer and paper. (*Id.* at 2.) Edwards pled guilty in the United States District Court for the Southern District of Florida to Uttering Counterfeit Obligation Notes in violation of 18 U.S.C. § 472. *See* (ECF 1); *see also* (S.D. Fla. Crim. A. No. 18-20304).

Edwards faced an advisory Sentencing Guidelines range of eight to fourteen months imprisonment. (*Id.*) In July 2018 he was sentenced to probation with a special condition that he serve six months in Federal Bureau of Prisons' custody. (*Id.*) Edwards voluntarily surrendered to the Bureau of Prisons in September 2018 and, having received no disciplinary actions while in custody, was released in February

2019. (Def.'s Mot., ECF 7, ¶ 2.) His probationary term is set to expire in July 2023. (*Id.* ¶ 9.)

The Court assumed jurisdiction over Edwards in May 2019 (ECF 2) when he moved from Florida to Philadelphia. (Def.'s Mot., ¶ 3.) He has thus far complied with the terms and conditions of his probation. (*Id.* ¶ 4.) He takes medications prescribed for previously diagnosed mental health conditions and sees a therapist. (*Id.* ¶ 6.) He collects disability because of his mental health and works as a Flagger Force flagger. (*Id.* ¶ 5-6.) Edwards is current on his probationary financial obligations and does not owe restitution. (*Id.* ¶ 8.) He is in a committed relationship with someone who is also gainfully employed. (*Id.* ¶ 5.)

Edwards's probation officer has not recommended early termination, following her office's general policy to not do so unless 18 or less months of supervision remain. (*Id.* ¶ 9.)

II

18 U.S.C. § 3564(c) permits a court to shorten a defendant's term of probation "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The Third Circuit has not addressed the standard for reviewing motions for early termination of probation, but the Court is guided by how it and district courts in this Circuit have considered similar requests for early termination of supervised release under 18 U.S.C. § 3583(e). *See United States v. Paterno*, No. 99- 037, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002) ("[C]ases concerning early termination of supervised release are instructive.").

> Section 3553(a) factors relevant to Edwards's motion include:
>
> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (listing the Section 3553(a) factors relevant to a request for early termination of supervised release) (citations omitted). District courts entertaining motions for early supervision of supervised release need only make clear that they have "considered the statutory factors" and "are not required to make specific finding of fact with respect to" the relevant Section 3553(a) factors. *Id.* at 52-53. New or changed circumstances are not required to grant relief. *Id.* at 53. However, when a sentence is "'sufficient, but not greater than necessary' when first pronounced," a motion for early termination should provide some justification for a change in the sentence that was originally imposed. *Id.*

Edwards provides no reason why early termination would be in the interest of justice. He does not seek early termination to permit a job change or relocation. Instead, he seeks early termination because he has complied with the terms of his probation and has "steady employment, residence, and family life . . . ." (Def.'s Mot. at 4.) This is "simply what is expected of" him. *United States v. Paterno*, No. 99- 037, 2002 WL 1065682, at *3 (D.N.J. Apr. 30, 2002). Compliance with the law and his probationary terms "are not in and of themselves sufficient to warrant early termination . . . ." *Id.*; *see also United States v. Caruso*, 241 F. Supp. 2d 466, 469

(D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."). Weighing the Section 3355(a) factors and balancing Edwards's appropriate conduct while on probation against the circumstances underlying his guilty plea – his possession of counterfeit currency and his attempt to flee arrest – the interest of justice does not require termination of his probation.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.